# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERNEST R. GIBSON, JR.,**
**# 281824,**

      **Plaintiff,**

**vs.**                                                    **Case No. 4:20cv460-WS-MAF**

**ERIC BRISCOE,**

      **Defendant.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff has submitted another civil rights complaint, ECF No. 1, pursuant to 42 U.S.C. § 1983, and motion requesting leave to proceed in forma pauperis, ECF No. 2, to this Court. This is at least the sixth case filed by Plaintiff in the past year.

In the past five months, Plaintiff submitted the following cases: (1) case 1:20cv115-AW-GRJ, filed on May 15, 2020; (2) case 4:20cv363-AW-MAF, filed on July 21, 2020; and (3) case 4:20cv391-AW-MAF, filed on August 3, 2020. In each case, recommendations for a transfer to the Middle District of Florida have been entered because Plaintiff is

incarcerated at Tomoka Correctional Institution which is located in Daytona Beach, Florida. Claims which involve Defendants at that institution should be filed in the Middle District of Florida as Daytona Beach is not within the jurisdiction of this Court.[1]

Plaintiff is well aware that this Court is not the appropriate place to initiate his cases because two prior cases were recently transferred to the Middle District in November of 2019. *See* case 4:19cv451-MW-HTC and case 4:19cv469-MW-MAF. Indeed, in May of 2020, Plaintiff filed a response to the Report and Recommendation which stated his agreement that "the proper forum for" his case was in the Middle District of Florida. ECF No. 27 of case 4:19cv469.

By continuing to file cases in this Court, Plaintiff is abusing the judicial process. This practice must stop.

There is no reason to transfer this case to the Middle District, however, because Plaintiff has not submitted a complaint which alleges any factual allegations against the Defendant. ECF No. 1 at 5-7. Instead of presenting facts, Plaintiff wrote "see court order & exhibits." *Id.* That is

---

[1] Notably, case 4:20cv254-WS-HTC was filed in this Court on May 11, 2020, but immediately closed as "having been opened in error." ECF No. 1.

Case No. 4:20cv460-WS-MAF

neither sufficient nor appropriate.  A complaint must state the facts which

provide a basis for a claim against a Defendant.  The Court declines to

review the 40 pages attached to this complaint to decipher a constitutional

claim which *might* be presented.

A second reason also exists which counsels against transferring any

further cases to the Middle District - Plaintiff has "three strikes" under 28

U.S.C. § 1915(g) and is not entitled to proceed with a civil action unless he

either pays the filing fee at the time of case initiation, or submits a

complaint which demonstrates he is in imminent danger of serious physical

injury.

Plaintiff initiated case 6:20cv01654-PGB-LRH in the Middle District of

Florida, and it was dismissed for failure to state a claim on September 16,

2020.  Plaintiff also initiated case 6:20cv1653-PGB-EJK in the Middle

District.  That case was also dismissed on September 14, 2020, for failure

to state a claim.  Finally, Plaintiff initiated case 6:20c01399-GKS-DCI in

that court, and it was also dismissed for failure to state a claim on

September 15, 2020.  Those three dismissals count as "three strikes"

pursuant to 28 U.S.C. § 1915(g).[2]

　　　　As noted above, Plaintiff has not provided any factual allegations

which demonstrate "imminent danger."  Because Plaintiff has had at least

three cases dismissed on the grounds that they were either frivolous,

malicious, or failed to state a claim, Plaintiff is not entitled to proceed with

this case because he did not simultaneously pay the filing fee.  Thus,

Plaintiff's in forma pauperis motion, ECF No. 2, should be denied and this

case dismissed without prejudice.  If Plaintiff seeks to litigate a claim

against this Defendant, Plaintiff must initiate a new case in the Middle

District of Florida, and he must pay the full amount of the filing fee unless

he can present allegations sufficient to meet the "imminent danger"

exception.  *See* Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

---

　　　　[2] That statute, commonly referenced as the "three strikes" provision, states: "In no
event shall a prisoner bring a civil action or appeal a judgment in a civil action or
proceeding under this section if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal in a court of the
United States that was dismissed on the grounds that it is frivolous, malicious, or fails to
state a claim upon which relief may be granted, unless the prisoner is under imminent
danger of serious physical injury."  28 U.S.C. § 1915(g) (quoted in O'Connor v.
Suwannee Corr. Inst., 649 F. App'x 802, 804 (11th Cir. 2016)).

Case No. 4:20cv460-WS-MAF

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's in forma pauperis motion, ECF No. 2, be **DENIED**, and this action be **DISMISSED without prejudice** because Plaintiff has not demonstrated that he meets the imminent danger exception of 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the Clerk of Court be directed to enter on the docket that this case was dismissed pursuant to § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on September 23, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If Plaintiff fails to object to this recommendation, he will waive the right to appeal the District Court's order based on the unobjected-to conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**